Milligan, J.,
delivered the opinion of the Court.
The plaintiff in error Ayas indicted, tried and convicted, in the County Court of Knox County, for obstructing a public road. There were motions for a new trial and in arrest of judgment, which wore overruled by the Court, and a fine of five dollars imposed. From this judgment the plaintiff in error prayed an appeal to the Circuit Court of Knox County, which was refused by the Court. He subsequently obtained writs of certiorari and supersedeas, and brought the case into the Circuit Court, where, upon motion of the Attorney-General, the petition was dismissed; from which the plaintiff in error prosecutes an appeal in error, to this Court.
Passing by the grounds for new trial and the reasons in arrest of judgment, as immaterial, we come to the consideration of the main question relied on for a reversal of this case.
Does an appeal lie from the County Court of Knox County, from the verdict and judgment of that Court in misdemeanors, to the Circuit Court of the same County.
*186 The solution of this question must bo found in the several Acts of Assembly, conferring the jurisdiction on the County Court of Knox County, to hear and determine misdemeanor cases.
The Act of 1858, 38th section, provides for “the election of County Judge, by the qualified voters of .Davidson, Shelby, Knox, Montgomery and Williamson Counties, who shall hold his office for the period of eight years from the date of his commission.”
By this Act, the ordinary powers and jurisdiction exercised by the County Court, are conferred upon the County Judge, with the right to either party to appeal from any judgment, order, decree or action of said County Judge, as are allowed now by the laws of the State in other cases: sec. 6. The Act of 1858 confers no power upon the County Judge to impannel juries, or to hear and determine misdemeanors.
But, the Legislature, at the same session, (Acts of 1858, ch. 90, sec. 4,) provided: “ That the County Court of Knox County, shall have exclusive original jurisdiction of all criminal offenses, under the grade of petit larceny, committed in said county, subsequent to the first day of April, 1858; that the proceedings shall be founded on indictments or presentments, found by the grand jury of Knox County for such offense, committed after the first day of April, 1858, shall he transferred for trial, as aforesaid, to the County Court of said County; and the Cleric of the Circuit Court of Knox County, upon the return of said indictments into the Circuit Court of said County, shall make an entry *187 thereof upon the minutes of said Court, as heretofore, and certify the transcript of said entry, and deliver it, with the original presentment or indictment, to the Clerk of the County Court of said County, (for which he shall receive ten cents,) who shall immediately make entry of the receipt of such indictment or presentment, and transcribe the entry of the finding thereof, in a well bound book to be kept for that purpose, and carefully file and docket them for trial at said County Court; and the certified transcript of said entries, shall be evidence of the finding of any such presentment or indictment so transferred as aforesaid.”
The 5th section provides for the issuance by the County Judge, at each term of the Court next preceding the February, June and October .Terms, of a writ of venire, facias for twenty-four citizens to act as jurors, etc.
It is further provided for opening the Court for the trial of such certified cases, at these stated periods in each year, corresponding with the regular terms of the Circuit Court; and that the District Attorney shall appear and prosecute, as in the Circuit Court of the County.
Afterwards, by the Act of 1860, ch. 120, secs. 5 and 6, the Legislature amended the Act of 1858, as follows, viz: “That the 5th section of the Act passed the 20th of March, 1858, ch. 90, be so amended, that hereafter the Judge of the County Court of Knox County, shall cause to be issued a writ of venire facias to the Sheriff of Knox County, at the terms he is now required by *188 law to do so, for twenty-four competent citizens of said county, to act as jurors in the trial of misdemeanors.”
And “that hereafter, the Judge of the County Court of Knox County, at each term of said Court for the trial of misdemeanors, shall cause a grand jury to be selected from the jurors named in the venire; and that all bills of indictments and presentments for misdemeanors, shall hereafter be found by the grand jury of said County Court, instead of the grand jury of the Circuit Court.”
It is to be observed, that none of the provisions of the Statutes referred to, or to be found in the several Acts of the Legislature, conferring jurisdiction on the County. Court of Knox County, to try offenses below the grade of petit larceny, provide for an appeal from the verdict and judgment of that tribunal, in misdemeanor cases; and in the absence of this provision, it is insisted, that, in such cases, appeals lie to the Circuit Court, as in other cases provided by law. We do not think so. The object of conferring upon the County Court, jurisdiction in this class of cases, was, as we apprehend, to relieve the Circuit Court from their trial; and it never could have been contemplated by the Legislature, that a party charged with the commission of a misdemeanor, should have the right to two trials by a jury, while a party charged with a felony could have but one, except in the discretion of the Circuit or Criminal Court trying him. This would be an anomaly in our system of jurisprudence, which was certainly not contemplated by *189 the Legislature, and one which, under the provision® of the Code, sec. 3152, would necessarily follow.
A fair construction of the several provisions of the Statute, conferring jurisdiction in misdemeanor cases on the County Court of Knox County, leaves no doubt that the Legislature intended to create a new tribunal, wholly distinct from the ordinary functions of the County Court, with power to try offenses below the grade of petit larceny.
It is true, that the two tribunals are presided over by one and the same Judge; but their terms are not the same; and the jurisdictions and powers of the one, are wholly distinct and different from the other.
It follows, therefore, that an appeal will not lie from the County Court of Knox County, sitting as a Criminal Court for the trial of misdemeanors, to the Circuit Court of the same County, but lies directly to the Supreme Court.
There is no error, either in the County Court in refusing the appeal to the Circuit Court, or in the Circuit Court in dismissing the writs of certiorari and supersedeas.
Judgment affirmed.